DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2007-2,**
Appellant,

v.

**JULIO R. SANCHEZ** a/k/a **JULIO RAMIREZ SANCHEZ** and
**GINA CARVALLO,**
Appellees.

No. 4D17-1085

[February 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. CACE 15-21881.

Michael K. Winston, Dean A. Morande and Alana Zorrilla-Gaston of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellant.

Matthew Bavaro and Chase E. Jenkins of Loan Lawyers, LLC, Fort Lauderdale, for appellees.

PER CURIAM.

This appeal involves successive foreclosure lawsuits filed by HSBC Bank against the Appellees (the "borrowers"). The trial court found that the Bank's complaint failed to state a cause of action because the default date alleged fell during the pendency of its prior foreclosure action. Because the Bank alleged a series of payment defaults which were successive causes of action, some accruing during the pendency of the first suit and some accruing after its dismissal, we reverse.

In this case, the first foreclosure suit was filed in 2009 and judgment was entered in favor of the borrowers on April 9, 2014 (with prejudice). The second foreclosure suit was filed in 2015, alleging that the borrowers were in default for failing to make the payment due under their note on May 1, 2011, and all subsequent payments. Following a non-jury trial, the court found in favor of the Bank on all issues, and would have entered judgment in favor of the Bank but for language found in *Bartram v. U.S.*

*Bank Nat'l Ass'n*, 211 So. 3d 1009 (Fla. 2016), which said:

> [The lender] was not precluded by the statute of limitations from filing a subsequent foreclosure action *based on payment defaults occurring subsequent to the dismissal of the first foreclosure action*, as long as the alleged subsequent default occurred within five years of the subsequent foreclosure action.

*Id.* at 1012 (emphasis added). The trial court interpreted this language to mean that a second or subsequent foreclosure complaint failed to state a cause of action where it alleged a payment default occurring *prior to* the dismissal of the first foreclosure action.

*Bartram* expressly found that "each subsequent default accruing after the dismissal of an earlier foreclosure action creates a new cause of action." *Id.* at 1020. Therefore, in this case, under *Bartram*, a new cause of action accrued each time the borrowers missed a payment after April 9, 2014 (when the first foreclosure action was dismissed). Because the Bank's complaint included allegations of missed payments (defaults) occurring subsequent to the dismissal of the first cause of action, the Bank stated a cause of action under *Bartram*.[1]

We reverse the order of dismissal and remand for entry of judgment in favor of the Bank. We note that the trial court failed to make any findings concerning the Bank's damages, so on that issue, we remand for further proceedings.

*Reversed and remanded for further proceedings.*

GERBER, C.J., GROSS and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We note our sister court recently reached the same conclusion in *PHH Mortgage Corp. v. Parish*, 2018 WL 560538, 2D17-561 (Fla. 2d DCA Jan. 26, 2018).